1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT
                                  WESTERN DISTRICT OF WASHINGTON
9                                          AT TACOMA

10    LEON BENEK,

11                        Plaintiff,
                                                        Case No. C07-5142FDB
12              v.
                                                        ORDER GRANTING DEFENDANTS'
13    KANSAS CITY LIFE INSURANCE                         MOTION TO COMPEL THIRD
      COMPANY, a Missouri corporation doing             PARTIES' COMPLIANCE WITH
14    business in Washington, and its wholly owned      SUBPOENA
      subsidiary SUNSET LIFE INSURANCE
15    COMPANY OF AMERICA, a foreign
      corporation doing business in Washington,
16
                          Defendants.
17

18
              Defendants (and Cross-claimants) served a subpoena duces tecum for documents on Benek
19
      Financial Group, Benek Insurance and MML Insurance Agency, believing that Plaintiff Leon Benek
20
      was/is affiliated with these agencies and that they have documents relevant to this case.
21
              Benek, an independent insurance agent, was authorized by Defendants to sell their insurance
22
      products in Washington. Benek's agreements with Defendants provided that he forfeited any
23
      amounts due under the contracts if he replaced or assisted in replacing a policy issued by Defendants
24
      with that of another carrier.   Kansas City Life's Counterclaim alleges that with respect to certain
25

26    ORDER - 1

1  numbered policies for which Defendants had to refund premiums owing to Benek's errors, Kansas

2  City Life demanded a refund on the commissions paid to Plaintiff for those policies.  Benek has

3  refused to pay the demand.    Then the Counterclaim alleges that in January 2007 and thereafter,

4  Benek replaced one or more of Defendants' policies with policies of other insurers in violation of his

5  contracts with Defendants.  Benek's breaches resulted in forfeiture of any renewal commissions

6  otherwise due under the contracts.  Benek was terminated effective January 31, 2007. Defendants

7  assert that on the termination date, Benek owed them $100,095.75 on the commissions paid for the

8  three policies, and that Benek further owed Defendants $14,776.40 in debts and other charges

9  incurred before termination of the contracts.

10      The subpoena duces tecum at issue sought the following documents from Benek Financial

11  Group, Benek Insurance, and MML Insurance Agency (the Third Parties) : "policy files for policies

12  that replaced Defendants' coverage for the period of approximately six months before his

13  relationship with Defendants ended to the present, documents showing his employment or

14  compensation agreements with other insurers, and policy files for specific insureds for whom

15  Defendants determined that Defendants' coverage was replaced with that of another insurer.

16  Counsel for the Third Parties, who is also counsel for Leon Benek, objected to the subpoena.

17      Benek contends that Defense Counsel violated RPC 4.2 because he should have called

18  Plaintiff's counsel to first determine whether Benek Financial Group was, in essence, Leon Benek,

19  and he would have been told that it was, and Defense Counsel cannot close his eyes to the obvious.

20      Benek also contends that Defense Counsel violated several rules.  First, Benek argues that

21  the Defense violated Fed. R. Civ. P. 45(b)(1) in that they failed to tender fees for attendance and

22  mileage and that notice was not served on Plaintiff's Counsel until the next day after the subpoena

23  was served.  Benek also asserts that the Defense  missed the deadline for propounding requests for

24  production under Rule 34, and attempt to evade the Rule by serving the subpoena.  Finally, Benek

25  argues that the motion to compel violates CR 16(f) because the motion was not filed three weeks

26  ORDER - 2

1   before the discovery cut-off date, but only three days, and is, therefore, too late.

2        Defendants argue that failure to give notice is not fatal to the request unless Plaintiff shows

3   prejudice, and, in any event the subpoena was served on Benek at the same time it was served upon

4   the Third Parties, giving Plaintiff time to move to quash. Defendants argue that the documents are

5   relevant, as they are entitled to know what replacement policies Leon Benek solicited or procured

6   both six months before the business relationship was terminated and for policies that Benek replaced

7   after the relationship terminated.  Finally, Defendants argue that the subpoena was not directed at

8   Benek in his individual capacity, which is how he appears in this lawsuit, but is directed at three

9   independent entities that are not parties to this case.

10       Having considered the parties' arguments and authorities as well as the record herein, the

11   Court grants Defendants' Motion To Compel Third Parties' Compliance with Subpoena for the

12   following reasons.

13       The Third Parties to which the subpoenas duces tecum are directed are not parties to this

14   case, and Defendants did not violate RPC 4.2 when they served the subpoenas on the Third Parties

15   without consulting Plaintiff's counsel first.

16       No witness or travel fees were required to be tendered to the Third Parties, as they were not

17   being commanded to appear; rather, they were asked to produce documents.  Fed. R. Civ. P.

18   45(b)(1) was amended with an effective date of December 1, 2007.  The subpoena was issued on

19   December 7, 2007.  As the materials sought are highly relevant to the Defendants' contentions,

20   Plaintiff's objections are overruled and the Third Parties are directed to comply with the subpoena.

21   Rule 34 applies to parties and does not apply in these circumstances where the subpoenas are

22   directed at the Third Parties.

23       The subpoenas to the Third Parties were issued on December 7, 2007 before the January 7,

24   2008 discovery cut-off date.  Defendants' Motion To Compel the Third Parties' Compliance was

25   filed on January 10, 2008.   The Motion to Compel must be granted, notwithstanding, the minor

26   ORDER - 3

1   timing error.  Where appropriate, Plaintiff may seek a protective order to protect any private

2   information of non-parties; otherwise, the information sought by the subpoena is relevant and must

3   be produced.

4        ACCORDINGLY, IT IS ORDERED: Defendants' Motion To Compel Third Parties'

5   Compliance with Subpoena [Dkt. # 22] is GRANTED.

6

7        DATED this 1st day of February, 2008.

8

9                      _____

10       FRANKLIN D. BURGESS
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER - 4