UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEON BENEK,

    Plaintiff,

v.

KANSAS CITY LIFE INSURANCE COMPANY, a Missouri corporation doing business in Washington, and its wholly owned subsidiary SUNSET LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation doing business in Washington,

    Defendants.

Case No. C07-5142FDB

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARTHUR BOELTER'S COMPLIANCE WITH SUBPOENA

    Benek, an independent insurance agent, was authorized by Defendants to sell their insurance products in Washington. Benek's agreements with Defendants provided that he forfeited any amounts due under the contracts if he replaced or assisted in replacing a policy issued by Defendants with that of another carrier.

    Defendants assert that Benek and Arthur Boelter came up with a scheme to attempt to shelter client's assets from IRS collection, as evidenced by a letter Boelter sent to Kansas City Life (attached to Keeley Dec.) Defendants further assert that Benek used this scheme and sold policies to

ORDER - 1

1  Tracy and Russell Immel and Julie Lindstrom that later had to be rescinded or reformed in order to
2  avoid significant tax liability.  Accordingly, Defendants seek documents regarding Boelter's
3  communications with Benek and communications between Benek and the Immels and between
4  Benek and Julie Lindstrom relating to the procurement of life insurance.  Because Boelter opposed
5  the subpoena claiming that he could not produce the documents as their production would violate the
6  attorney-client privilege and also that the subpoena was overly broad.  (Keeley Dec. P. 009.)  Boelter
7  whether he contended that privilege protected his communications with Leon Benek, stating that the
8  existence of an attorney-client relationship is itself privileged.

9  Defendants now bring this motion to compel Boelter's compliance with the subpoena arguing
10 that "the existence of an attorney-client relationship, or the fee arrangement between an attorney and
11 his client, is generally not privileged or protected by the privilege," *In re Grand Jury Proceeding*,
12 721 F.2d 1221, 1222 (9th Cir. 1983), unless disclosure of the relationship "would implicate the client
13 in the very criminal activity for which legal advice was sought." *Id.* at 1223.  Defendants also argue
14 that the subpoena is not overly broad because it is targeted at communications between Boelter and
15 Benek and between Benek and the Immels and Julie Lindstrom relating to policies that Benek
16 procured or attempted to procure for only a few individuals.

17 Boelter complains that Defendants failed to tender fees and mileage in violation of Fed. R.
18 Civ. P. 45 (b)(1); that the motion to compel should have been filed before the discovery cut-off date
19 of January 7, 2008 rather than January 11, 2008.  Boelter also argues that all the named individuals
20 were his clients for the entire period in question, each was engaged in a tax controversy with the
21 IRS, and all communications, written and oral, are subject to the attorney-client privilege.  If there
22 were, arguably, some communications that were not subject to the privilege, the Defendants did not
23 limit their request, and it is, therefore, overly broad.  Return information is protect from disclosure,
24 and the individuals have an expectation of privacy in their financial affairs.

25 Boelter's opposition is not well taken.  First, under Fed. R. Civ. P. 45, witness fees are not

ORDER - 2

required for a subpoena that merely requires the production of documents. Boelter was commanded only to produce documents; Boelter's appearance was not required, and witness fees were not required to accompany the subpoena. As to Boelter's objection that no notice was given to Plaintiff's counsel prior to service of the subpoena, the Court can see no prejudice (such as being unable to move to quash a subpoena, and Plaintiff has shown no prejudice to his ability to do so).

Neither is the Court persuaded by Boelter's argument that the subpoena was filed on January 11, 2008 after the discovery cutoff deadline of January 7, 2008, as it is reasonable to allow an extension to consider this motion and to assure that this case is tried on the evidence and the merits.

Boleter's claim of attorney-client privilege is problematic. The subpoena asks for documents regarding insurance that Plaintiff Benek procured for Boelter, Tracy Immel, Russell Immel, or Julie Lindstrom. Boelter does not explain who among these is a client. Boelter does not describe the documents that he claims are privileged or explain how the privilege protects them. The attorney-client privilege protects only communications from a client to the client's attorney, and the attorney's advice to the client, given in the course of professional employment. RCW 5.60.060(2)(a). The attorney-client privilege does not protect "documents that are prepared for some other purpose than communicating with an attorney." *Hangartner v.City of Seattle*, 151 Wn.2d 439, 452 (2004). Boelter is hereby ordered to provide a "privilege log" listing the responsive documents that he has and why he claims they are privileged in order that Defendants and the Court may evaluate the claim.

Boelter's claim that a taxpayer's return is protected from disclosure is unpersuasive in this case, as 26 U.S.C. § 6103 of the tax code prevents the U.S. Government from disclosing tax returns or other information provided in connection with filing a tax return, but Courts have held that the section only prohibits disclosure by IRS personnel; it does not prohibit a subpoena to someone other than IRS personnel. *E.g., Jade Trading, LLC v. U.S.,* 65 Fed. Cl. 188, 194-95 (2005), and the section only applies to "returns" or "return information," narrowly defined to include only information filed with, recorded by, prepared by, furnished to or collected by the Secretary of the

ORDER - 3

Treasury or the IRS. *Id.* 65 F. Cl. 192-94. The documents sought from Boelter – communications with the Immels and Lindstrom) are not "return information."

Finally, the Court does not conclude that the subpoena to Boelter is overly broad or that it is burdensome. The request is for "any and all records in your possession or control relating to any life insurance procured or attempted to be procured by Leon Benek for you and/or Tracy and Russell Immel or Julie Lindstrom." Arthur Boelter is hereby ordered to produce the documents sought pursuant to the suboena, and as to any documents for which Boelter claims attorney/client privilege, he shall provide a privilege log with sufficient information to allow the Defendants and the Court, if necessary, to assess the claim.

NOW, THEREFORE, IT IS ORDERED: Defendant's Motion To Compel Arthur Boelter's Compliance with Subpoena [Dkt. # 25] is GRANTED as described in the foregoing section of this Order.

DATED this 6th day of February, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4