UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEON BENEK,

    Plaintiff,

v.

KANSAS CITY LIFE INSURANCE COMPANY, a Missouri corporation doing business in Washington, and its wholly owned subsidiary SUNSET LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation doing business in Washington,

    Defendants.

Case No. C07-5142FDB

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSE TO WRITTEN DISCOVERY

    Defendants move to compel Plaintiff Benek's Response to Written Discovery, which discovery requests are set forth in Defendants' memorandum. Benek argues that the motion to compel should have been filed before the discovery cut-off date of January 7, 2008 rather than January 17, 2008, and sets forth his objections to the discovery sought in his responsive memorandum.

    Benek's arguments in opposition fail to convince the Court that the motion to compel should not be granted. The discovery sought is relevant and the Court is not inclined to deny the motion on

ORDER - 1

1   the basis of failure to note the motion prior to the close of discovery.

2   **Request for Admission No. 16**.: Benek should respond directly to this request without
3   incorporating a counter allegation against Defendants.

4   **Request for Production No. 1**: Under Fed. R. Civ. P. 34(b)(2)(E)(i), a party producing
5   documents who does not produce them as they are kept in the usual course of business must
6   organize and label the documents to correspond with the categories in the request.  Benek has not
7   doe so, and is ordered to identify which of the documents he produced relate to which of his denials
8   or qualified admissions to the requests for admission.

9   **Request for Production 3**: Benek identified certain documents that are the contracts at
10  issue, but Defendants reply that the documents identified are not contracts at all.  Benek is hereby
11  ordered to identify all contracts that he claims Defendants breached.

12  **Request for Production 4**: Benek identified the documents requested, and Defendants
13  withdraw their motion as to this request.

14  **Request for Production 5:** Benek identified the documents in this request, and Defendants
15  withdraw their motion as to this request.

16  **Interrogatory 4:** Defendants seek the basis for Benek's denial of their Counterclaim at
17  Paragraph 3.  Defendants asserted that "The premium refunds were necessary to avoid serious tax
18  liability to the insureds that would occur in the event of a violation of Internal Revenue Code Section
19  7702."  Benek objected to the qualifying language in the quoted sentence and the rest of the
20  paragraph (necessary, serious, appropriate).  Benek is ordered to respond to the interrogatory with a
21  complete, substantive response.

22  **Interrogatory 6:** In his Rule 26(a) disclosures, Benek identified 44 people who may support
23  his claims.  Benek is obligated to answer this interrogatory and to describe the knowledge that these
24  people have that is relevant to Benek's claim.  Benek is hereby ordered to provide a complete and
25  substantive answer to this interrogatory.

26  ORDER - 2

**Request for Production 7:** This request seeks documents exchanged between Arthur Boelter and Benek in any way relating to Tracy and Russell Immel and/or Julia Lindstrom or any policies of insurance. Benek produced a letter, which Defendants contend does not appear to be responsive, and Benek stated that he "believes that most of the communications were by telephone and therefore were not reduced to a document." The statement implies that there were other communications in writing. As to Request for Production No. 7, Benek is ordered to provide a complete response with all responsive documents.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion To Compel Plaintiff's Response To Written Discovery [Dkt. # 30] is GRANTED.

DATED this 6th day of February, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3